UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| KAMAR MARTINO, et al., | ) | CASE NO. 4:08 CV 375 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| TRUMBULL COUNTY | ) | AND ORDER |
| JAIL OFFICIALS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On February 14, 2008, pro se plaintiffs Lance M. Pough and Kamar Martino, on behalf of themselves and three other individuals, filed this action under 42 U.S.C. §1983 against the Trumbull County Jail Officials, Assistant Warden O'Brien, Corrections Officers Watkins, TP #49, and Showers, and the Warden.  In the putative class action complaint (Doc. 1), the plaintiffs allege they were denied due process in a jail disciplinary matter.  They seek $2,600.00 in damages from each defendant.

**Background**

Trumbull County Jail Cell Block 4A was subjected to a search on January 25, 2008. Plaintiffs allege that Officers Watkins and TP # 49 were removing items such as food, extra clothing and linens, and soap from the cells without providing the occupants with receipts.  They

further state that, although they did not receive formal charges of conduct violations and were not provided with a hearing, they and other inmates received a written notice that they had been charged with a minor violation which resulted in the loss of commissary and/or visitation privileges. See Doc. 1-3 at 1-4. They contend that this is a violation of their right to procedural due process.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss a claim under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action will be dismissed pursuant to §1915(e).

As an initial matter, although Mr. Pough identifies four other people as plaintiffs in this action, the complaint only contains the signatures of Messrs. Pough and Martino. See Doc. 1 at 10. He attaches "affidavits" (Doc. 1-2 at 2-5), which are printed in his handwriting and which all state that the individual signing the affidavit experienced circumstances similar to Mr. Pough. The affidavits, however, do not contain any indication that these individuals intend to join in the lawsuit and assert their own claims. As Messrs. Pough and Martino are not attorneys authorized to represent others, their signatures alone are ineffective to bring the claims of the three other

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-609 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

individuals before the Court. A litigant who wishes to proceed pro se must personally sign the complaint to invoke this Court's jurisdiction. See 28 U.S.C. § 1654; Steelman v. Thomas, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988). Because none of the other three jail inmates has signed the complaint, this Court will only address those claims asserted by Messrs. Pough and Martino.

Plaintiffs claim they were denied procedural due process. The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." As an initial inquiry, the plaintiff must demonstrate the existence of a constitutionally cognizable liberty or property interest with which the state has interfered. Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989); Pusey v. City of Youngstown, 11 F.3d 652, 656 (6th Cir.1993). A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Plaintiffs were each denied one day of visitation and one week of commissary privileges. This does not create an atypical and significant hardship which invokes the protections of the Fourteenth Amendment. Because there was no constitutional deprivation, the plaintiffs have failed to state a claim entitling them to relief under § 1983.

To the extent that Mr. Pough is also contesting the taking of his personal property (a pillow, brown paper bags, and two slices of white bread) from his cell as a denial of due process, his claim must be dismissed. To prevail on a procedural due process claim, the plaintiff must plead and prove either (1) that he was deprived of property as a result of an established state procedure that itself violates due process rights; or (2) by proving that the defendants deprived him of property

3

pursuant to a random and unauthorized act and that available state remedies would not be adequate to redress the deprivation of property. Macene v. MJW, Inc., 951 F.2d 700, 706 (6th Cir 1991); see Vicory v. Walton, 721 F.2d 1062, 1064 (6th Cir. 1983). There is nothing in the complaint which suggests that either of Mr. Pough's claims challenge an established state procedure, statute or local ordinance. Instead, it appears he is asserting he was deprived of his property and his liberty due to unauthorized acts of the defendants.

To state a procedural due process claim based upon alleged unauthorized acts of the defendants, however, the plaintiff must also plead and prove that state remedies for redressing the wrong are inadequate. Macene, 951 F.2d at 706; Vicory, 721 F.2d at 1064. A remedy is available in the Ohio Court of Claims. See Haynes v. Marshall, 887 F.2d 700, 704 (6th Cir. 1989). There are no allegations in the complaint reasonably suggesting that this state remedy is inadequate. He cannot prevail on a due process claim for the deprivation of his property.

## Conclusion

Accordingly, the request and amended request to proceed in forma pauperis (Docs. 2 and 7) are granted and this action will be dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Dated: September 29, 2008  /s/ John R. Adams
                           JOHN R. ADAMS
                           UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.